UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00363-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| MARLON TWAIN SCOTT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Defendant's Motions for Compassionate Release, (Doc. No. 43), filed *pro se*. The Government responded in opposition (Doc. No. 45). Although Defendant sought and received an extension of time to file a supplemental response (Doc. Nos. 46, 47), no supplement has been filed and the time for doing so has long expired. This matter is ripe for ruling. For the reasons that follow, Defendant has not shown extraordinary and compelling reasons to warrant a sentence reduction, and the Court's consideration of the relevant § 3553(a) sentencing factors call for full service of the sentence as imposed. Therefore, as explained below, the Court DENIES Defendant's Motion for Compassionate Release (Doc. No. 43).

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and argues extraordinary and compelling reasons, along with consideration of the 18 U.S.C. § 3553(a) factors, support his request to reduce his sentence to time served. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a

1

sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam) ("In stark contrast to the portion of the statute that requires a sentence reduction to be 'consistent with applicable policy statements,' § 3582(c)(1) merely requires district courts to 'consider[ ]' the relevant § 3553(a) factors. We understand this language as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release.").[1] Here, it appears Defendant has exhausted his administrative remedies. (Doc. No. 43, p. 1). The Court thus turns its analysis to whether extraordinary and compelling reasons exist to reduce Defendant's sentence and consideration of the relevant § 3553(a) factors.

After reviewing the record, the Court concludes that Defendant's pleadings fail to demonstrate extraordinary and compelling circumstances to warrant a reduction. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)). The Court acknowledges the seriousness of Defendant's asserted medical conditions, but these conditions do not rise to the level of "extraordinary or compelling" under this record, particularly where it appears Defendant has been receiving regular medical care and medications (which Defendant contends would take "two pages to write them all down") for his

---

[1] Here, the Government argues several factors within U.S.S.G. § 1B1.13 support its opposition to Defendant's motion to reduce his sentence. Since the filing of the parties' briefs, however, the Fourth Circuit has explained it is error for a district court to apply U.S.S.G. § 1B1.13 unless a request for compassionate release is made "[u]pon motion of the Director of the Bureau of Prisons ["BOP"]." United States v. McCoy, 981 F.3d 271, 281–83 (4th Cir. 2020) (holding that "There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)."); see also Kibble, 992 F.3d 326, 331 (4th Cir. 2021) (affirming denial of compassionate release motion "[n][otwithstanding the district court's error in applying USSG § 1B1.13" after explaining "Mr. Kibble filed his motion for compassionate release directly with the district court; the Director of the BOP did not submit it on his behalf. Accordingly, USSG § 1B1.13 did not apply to Mr. Kibble's request. The district court erred in holding otherwise."). It is undisputed Defendant, and not the BOP, filed the instant motion. The Court has accordingly reviewed the helpful but non-binding guidance from U.S.S.G. § 1B1.13, while also recognizing that this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." McCoy, 981 F.3d at 284 (quotation omitted; emphasis in original).

2

underlying health conditions. (Doc. No. 43, p. 2). Defendant also references a delay in the performance of a medical procedure that was previously scheduled prior to the COVID-19 outbreak. Nothing in the record, however, demonstrates Defendant's medical concerns are not being appropriately managed by the BOP.

Defendant argues that his imprisonment during the COVID-19 pandemic constitutes extraordinary and compelling circumstances that warrant a sentence reduction. As my fellow colleague from the Middle District of North Carolina has explained:

> While circumstances that "undoubtedly increase a prison sentence's punitive effect" may constitute extraordinary and compelling circumstances in some individual cases, United States v. Kibble, 992 F.3d 326, 336 (4th Cir. 2021) (Gregory, J., concurring), if every defendant who experiences hardship during their incarceration is entitled to a finding of extraordinary and compelling circumstances, compassionate release would become the "exception that swallows the general rule of finality." United States v. Hancock, No. 1:06-CR-206-2, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021). This is particularly true of inmates confined in congregate living situations during the COVID-19 pandemic.

United States v. Chavis, No. 1:18-CR-481-3, 2021 WL 2784653, at *3 (M.D.N.C. July 2, 2021). Moreover, the hardships that Defendant claims to have experienced in prison during the COVID-19 pandemic are not particular to Defendant. "Many inmates, as well as non-incarcerated individuals, have been infected with the COVID-19 virus and survived (or feared being infected with the virus), lost close relatives or friends due to the pandemic, and endured isolation, limits on movement, and other restrictive protocols during the pandemic." United States v. Hood, No. 5:18-CR-5-KDB, 2021 WL 3476142, at *1 (W.D.N.C. Aug. 6, 2021) (collecting cases). Thus, Defendant's incarceration during the pandemic does not constitute an "extraordinary and compelling" circumstance warranting early release.

In addition, the Court concludes Defendant has failed to carry his burden to sufficiently establish that the *combined* impact of Defendant's underlying health conditions, the threat of the

3

COVID-19 pandemic, and the conditions of his confinement within the Bureau of Prisons' system warrants a sentence reduction under § 3582(c)(1)(A)(i).[2]

In concluding here that Defendant has not shown extraordinary and compelling circumstances, the Court recognizes it is "empowered . . . to consider *any* extraordinary and compelling reason for release" and the Court has done so by considering all reasons Defendant has raised in the instant motion. United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quotation omitted; emphasis in original).

Even presuming Defendant could sufficiently met his burden of establishing an "extraordinary and compelling circumstance" for a sentence reduction, the Court denies the motion because—under the current record before the Court—it is not warranted under consideration of the applicable § 3553(a) factors. U.S. v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).") In considering the relevant 18 U.S.C. § 3553(a) factors,[3] the Court looks not only to the relevant

---

[2] See e.g., United States v. Kibble, 992 F.3d 326, 333–34 (4th Cir. 2021) (Gregory, C.J., concurring) ("Here, Mr. Kibble identified three circumstances that, collectively, qualified as extraordinary and compelling: (1) the uncontrolled spread of COVID-19 at FCI Elkton, (2) his tricuspid atresia, and (3) his non-alcohol related cirrhosis of the liver. The district court agreed and so found. At the time of Mr. Kibble's motion, nearly 25% of Elkton's population had contracted COVID-19; nine inmates had died as a result. The ACLU of Ohio and the Ohio Justice & Policy Center had named FCI Elkton as a defendant in a class action suit challenging the facility's conditions of confinement during the pandemic. And, at the time of Mr. Kibble's motion, Elkton was subject to a preliminary injunction aimed at correcting the facility's mismanagement. See Wilson v. Williams, 455 F. Supp. 3d 467, (N.D. Ohio 2020), vacated by Wilson v. Williams, 961 F.3d 829, 833 (6th Cir. 2020). This combination of factors rightly gave rise to the extraordinary and compelling circumstances animating this case."). In contrast, Defendant here has failed to provide a sufficient combination of factors to support a finding of extraordinary and compelling reasons.

[3] In considering whether release is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

factors considered by the Court when it initially sentenced Defendant, but also to Defendant's sentence-modification arguments and post-sentencing mitigation evidence provided in support of the instant motion.  See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion); United States v. High, 997 F.3d 181 (4th Cir. May 7, 2021) (applying Chavez-Meza and Martin to affirm decision in the district court denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)).

    Here, the Court originally sentenced Defendant to 180 months, and he has served approximately 119 months of that sentence.  The instant motion seeks a reduction to time served.  In reconsidering all of the § 3553(a) sentencing factors applicable here, the Court highlights a few, including the nature and circumstances of the offense and the history and characteristics of Defendant, as well as the need for the sentence to provide just punishment, afford adequate deterrence, provide Defendant with needed medical care, and protect the public.  Here, Defendant's conviction for which he is currently imprisoned were committed after he served a federal prison sentence—that was ultimately reduced by the Court—for the same type of crime.  Defendant's commission of additional crimes after being incarcerated and receiving a reduction in that sentence demonstrates that the original sentence here—as imposed—continues to reflect the nature and circumstances of the offense and the history and characteristics of Defendant, as well as the need to provide just punishment, afford adequate deterrence, and protect the public.  Furthermore, the Court was aware of Defendant's medical conditions related to his heart at the

5

time he was originally sentenced.

Defendant's filings are devoid of any post-sentencing mitigation evidence to demonstrate his attempts at rehabilitation or other exceptional post-sentencing conduct. Martin, 916 F.3d at 396; see also High, 997 F.3d at 190 (recognizing "While these are certainly positive factors, they are much more similar to the various educational courses Chavez-Meza had taken in prison than to the exceptional post-sentencing conduct of the defendants in Martin and McDonald." (citing Chavez-Meza, 138 S. Ct. at 1967; Martin, 916 F.3d at 396; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021)). Indeed, the evidence before the Court shows otherwise. The Government's response indicates Defendant has at least four disciplinary infractions issued while in custody.

Finally, to the extent Defendant requests the Court release him to home confinement, the Court does not have the authority to direct BOP to place a defendant in home confinement. See 18 U.S.C. § 3621(b); see also United States v. Harless, No. 20-6994, 2021 WL 2311463 (4th Cir. June 7, 2021) ("[[T]he district court correctly concluded that it lacked authority to order [the defendant's] release to home confinement, insofar as she sought relief under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)." (citing United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021)); see also Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement.").

In sum, even if Defendant had shown "extraordinary and compelling reasons," the Court declines to reduce Defendant's term of imprisonment from 180 months to time served because consideration of the applicable § 3553(a) factors counsel against such modification in this case. For these reasons, the Court denies Defendant's Motion for Compassionate Release (Doc. No. 43).

IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court DENIES Defendant's Motion for Compassionate Release (Doc. No. 43).

IT IS SO ORDERED.

Signed: October 28, 2021

_____
Frank D. Whitney
United States District Judge